

GERALD W. FILICE
4040 Rontree Lane
Somerset, California 95684
(916) 914-3847

Pro Se

11-02245-D
COMPLAINT
PLAINTIFF: GERALD FILICE
DEFENDANT: CITIFINANCIAL MORTGAGE, I
JUDGE: HON. R. BARDWIL
RELATED CASE: 10-47748

FILED 4/15/11 - 10:07 AM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION    wlos

2011-02245

481

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DISTRICT

| | |
|---|---|
| In re: <br><br> GERALD WILLIAM FILICE, <br><br> Debtor. <br> _____ / <br><br> GERALD W. FILICE, Plaintiff, <br><br> v. <br><br> CITIFINANCIAL MORTGAGE, INC., Defendant. <br> _____ / | Case No. 10-47748 <br> Chapter 7 <br><br> Adversary Proceeding No. _____ <br><br> COMPLAINT TO DETERMINE VALIDITY, PRIORITY AND EXTENT OF LIEN IN PROPERTY, DECLARATORY RELIEF AND INJUNCTION <br><br> [BR 7001(2), (7), (9)] <br><br> Hon. Robert S. Bardwil |

      COMES NOW the Debtor and Plaintiff, GERALD W. FILICE, and alleges as follows:

### CLAIM FOR RELIEF

      1. Plaintiff GERALD W. FILICE is the Debtor in the above-captioned proceeding under Title 11 of the United States Code, Chapter 7, case no. 10-47748, pending before the United States Bankruptcy Court, Eastern District of California, Sacramento District.

2. Defendant CITIFINANCIAL MORTGAGE, INC., is a creditor of the Plaintiff who claims a lien in the property of the Plaintiff, located at 4040 Rontree Lane, Somerset, El Dorado County, California.

3. This adversary proceeding is brought pursuant to Bankruptcy Rule 7001(2), (7) and (9), to determine the validity, priority or extent of a lien in property, specifically the above-described real property of the Plaintiff; for an injunction; and for declaratory relief regarding the same. This Court has jurisdiction under the above-referenced Bankruptcy Rules and Section 1334 of Title 28 of the United States Code to hear this matter. This is a core proceeding of the above-alleged bankruptcy case of the Plaintiff.

4. Defendant, on about March 16, 2011, filed its Motion for Relief From Automatic Stay. Said motion was subsequently denied by the Court. However, in the Declaration of LaTrice Hill attached to said motion, defendant claimed total delinquencies of $82,582.46, which included (among other things) the following specific charges claimed to be owed by Plaintiff:

– "Property Inspections" of $204.00

– "Appraisal fee" of $525.00

– "Escrow Advance" of $20,491.81

– "Foreclosures and Attorney's Fees and Costs" of $9,040.90

– "Bankruptcy Attorney fee" of $550.00

– "Bankruptcy Filing fee" of $150.00

Plaintiff has repeatedly requested that Defendant itemize the alleged "Foreclosures and Attorney's Fees and Costs", and other items listed above, but defendant has failed and refused to do so. Plaintiff further is informed and believes, and thereon alleges, that Defendant will add attorney's fees and costs incurred in bringing the Motion for Relief from the Automatic Stay described above, which was lacking in cognizable evidence and denied by the Court, as to which attorney's fees should not be collectible by Defendant.

FILICE LAW OFFICES
1337 Howe Ave., Ste. 250
Sacramento, CA 95825
(530) 303-5033

-2-

5. Plaintiff is informed and believes, and thereon alleges, that the above-itemized fees and costs sought to be added to the lien are, in whole or in part, illegal and in violation of the laws of the State of California, and/or the Bankruptcy laws of the United States, and may not be collected and demanded as part of a lien against real property from a Debtor in bankruptcy, or under State law, when enforcing a Deed of Trust.

6. Plaintiff is further informed and believes, and thereon alleges, that the computation of the alleged delinquent payments and the interest accruing thereon is inaccurate, incomplete, and misleading.

7. As a result, a dispute has arisen between Plaintiff and Defendant as to the validity, priority and extent of Defendant's lien in Plaintiff's property. Plaintiff seeks a declaratory Judgment of this Court determining the validity, priority and extent of Defendant's lien in Plaintiff's property, and the amount necessary to reinstate said lien.

8. Plaintiff further seeks an injunction against Defendant, and all those acting in concert with Defendant, including any trustee under the Deed of Trust, from taking any further steps to foreclose on the above-referenced property of Plaintiff, pending final Judgment in this action.

9. The Deed of Trust at issue, as given effect by California Civil Code Section 1717, provides for an award of attorney's fees and costs to the prevailing party. In this action, Plaintiff has incurred, and will continue to incur, attorney's fees and costs, and is entitled to an award of the same against Defendant in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for Judgment against Defendant as follows:

1. For a Declaration of the validity, priority and extent of the lien of Defendant in the Plaintiff's property at 4040 Rontree Lane, Somerset, California 95684.

2. For an Injunction against Defendant and all those acting in concert with Defendant, from taking any further steps to foreclose on the above-referenced real property of Plaintiff, until final Judgment of this Court.

1       3. For a finding that Plaintiff is the prevailing party and it entitled to attorney's fees and
2 costs incurred.

3       4. For such other and further relief as the Court shall deem just and proper.

6 Date: April 14, 2011

                              GERALD W. FILICE
                              Pro Se

FILICE LAW OFFICES
1337 Howe Ave., Ste. 250
Sacramento, CA 95825
(530) 303-5033